# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2015

Lyle W. Cayce
Clerk

No. 12-30883

IN RE: DEEPWATER HORIZON

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

B.P. EXPLORATION & PRODUCTION, INCORPORATED; ANADARKO
PETROLEUM CORPORATION,

Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana

ON PETITION FOR REHEARING EN BANC

(Opinion June 4, 2014, 753 F.3d 570)

Before KING, BENAVIDES, and DENNIS, Circuit Judges.
FORTUNATO P. BENAVIDES, Circuit Judge:

The court having been polled at the request of one of its members, and a majority of the judges who are in regular active service and not disqualified not having voted in favor (Fed. R. App. P. 35 and 5th Cir. R. 35), the Petition for Rehearing En Banc is DENIED. Judge Clement, joined by Judges Jolly,

Jones, Owen, Elrod, and Southwick, dissents from the court's denial of rehearing en banc, and her dissent is attached.

In the en banc poll, 6 judges voted in favor of rehearing (Judges Jolly, Jones, Clement, Owen, Elrod and Southwick) and 7 judges voted against rehearing (Chief Judge Stewart and Judges Davis, Dennis, Prado, Haynes, Graves, and Costa).[*]

ENTERED FOR THE COURT:

UNITED STATES CIRCUIT JUDGE

---

[*] Judges Smith and Higginson are recused and did not participate in the consideration of the petition.

EDITH BROWN CLEMENT, Circuit Judge, with whom JOLLY, JONES, OWEN, ELROD, and SOUTHWICK, Circuit Judges, join, dissenting from Denial of Rehearing En Banc.

The denial of the petition for rehearing en banc ensures that our precedent concerning liability for oil spills under the Clean Water Act remains unclear. The panel opinion's "controlled confinement" test does not follow from the text of the CWA. Compounding this, the panel's supplementary opinion conflicts with the panel opinion. These problems, coupled with the exceptional importance of the underlying issue, necessitated a rehearing. Hence, I respectfully dissent.

The CWA makes liable the "owner, operator, or person in charge of any vessel . . . or offshore facility from which oil . . . is discharged" into navigable waters. 33 U.S.C. § 1321(b)(7)(A). Discharge is defined as "spilling, leaking, pumping, pouring, emitting, emptying or dumping." 33 U.S.C. § 1321(a)(2). The panel opinion, in turn, defines discharge as "the loss of controlled confinement." I believe that this "loss of controlled confinement" test is inconsistent with the text of the CWA. A rehearing en banc would have allowed us to consider more faithful interpretations of the Act.

Further, the panel's issuance of a supplemental opinion to clarify its first CWA interpretation suggests that the panel perceived an ambiguity in the CWA. This is concerning because a clear line of precedent exists holding that ambiguities in civil-penalty statues should be resolved in favor of the defendant. *See, e.g.*, *Comm'r. v. Acker*, 361 U.S. 87, 91 (1959); *Diamond Roofing Co. v. Occupational Safety & Health Review Comm'n*, 528 F.2d 645, 649 (5th Cir. 1976).

Having created this "controlled confinement" test, the panel opinion misapplies it. The panel opinion holds that confinement was lost in the Well

when hydrocarbons moved from the formation into the Well. The panel reaches this conclusion despite the fact that the hydrocarbons then traveled through the blowout preventer and riser before entering the Gulf of Mexico. More significantly, the panel reaches its holding despite its contradictory finding that the Well—which was not designed to confine hydrocarbons—never confined the hydrocarbons at all. The panel opinion and supplementary opinion fail to reconcile the holding that controlled confinement was lost in the well with the finding that hydrocarbons were never confined in the well. This too should have been considered en banc.

Lastly, in its supplemental opinion, the panel changes the holding of the panel opinion. Thus, the law in our circuit is left unclear. The supplemental opinion attempts to overcome the fact that there was never confinement in the well. In the process, however, the supplementary opinion suggests that discharge is not defined as a loss of controlled confinement—as the panel opinion holds—but an absence of controlled confinement. This is no abstruse, metaphysical distinction. An absence of confinement test is not only further from the text of the CWA, it implicates a significantly broader swath of potentially liable actors. Further, the district courts are now left to harmonize this discord. I suspect that, as a consequence, we will be faced with addressing this issue again. We should have seized the opportunity now.